William H. HAWORTH, Jr., Petitioner,

v.

COURT ON the JUDICIARY, TRIAL DIVISION, Respondent.

No. CJAD–75–2.

Court on the Judiciary of Oklahoma, Appellate Division.

Sept. 26, 1975.

Released for Publication July 27, 1984.

Houston & Klein, Inc. by Rooney McInerney, Tulsa, for petitioner.

Jim F. Gassaway, Ada, and Robert J. Turner, Oklahoma City, for respondent.

BARNES, Presiding Judge.

On September 4, 1975, the Trial Division of the Court on the Judiciary overruled and denied Petitioner, William H. Haworth, Jr.'s plea to jurisdiction, amended demurrer, and motion for summary judgment, and set the case, seeking his removal from office, for trial on the merits.

Petitioner, William H. Haworth, Jr., then filed his petition for a writ of prohibition asking that this Court assume jurisdiction and enter an order prohibiting and enjoining the Trial Division of the Court on the Judiciary from further proceeding herein.

Petitioner asserts, inter alia, that the petition invoking the jurisdiction of the Court on the Judiciary, Trial Division, was filed by the Attorney General on July 7, 1975, pursuant to the provisions of 20 O.S.Supp. 1974 § 1659, and that the Attorney General signed the petition solely on the basis of the mandatory provision of § 1659, supra, and not as an act of his own as provided by Section 4(a) of Article VII–A of the Constitution of the State of Oklahoma.

Section 4(a) of Article VII–A of the Constitution of the State of Oklahoma provides in part:

"The jurisdiction of the Trial Division of the Court may be invoked by a Petition, filed either by the Supreme Court or the Chief Justice thereof; by the Governor; by the Attorney General; or by the Executive Secretary of the Oklahoma Bar Association when directed so to do

by a vote of a majority of all members of its Executive Committee; or by Resolution of the House of Delegates or by Resolution of the House of Representatives of the State of Oklahoma."

When the Legislature created the Council on Judicial Complaints, 20 O.S.Supp.1974 § 1651 et seq., it provided that the jurisdiction of the Trial Division of the Court on the Judiciary could be invoked as follows:

"In the event the Council finds that the Complaint should be made the subject of proceedings before the Court on the Judiciary, it shall forward all papers concerning the same, together with its findings, to the Attorney General, who shall promptly file a Petition invoking the jurisdiction of the Trial Division of the Court on the Judiciary in accordance with § 4(a) of Article VII–A of the Constitution of Oklahoma. Thereafter, the matter shall proceed in accordance with the applicable constitutional provisions, statutes and rules of the said Court on the Judiciary."

The Attorney General has filed an affidavit herein relating to his decision to invoke the jurisdiction of the Court on the Judiciary. Therein he stated:

"I, Larry Derryberry, having been duly sworn, state as follows:

"That I am the duly elected and acting Attorney General and was so acting on July 7, 1975.

"That pursuant to the provisions of 20 O.S.Supp.1974, § 1659, the Council on Judicial Complaints submitted to me its findings, and all papers concerning the same, upon the completion of its investigation of William H. Haworth, Jr.

"That I signed the Petition in Case No. CJ–TD–75–1 in the Court on the Judiciary of the State of Oklahoma, Trial Division, without independent investigation and solely on the basis of the findings forwarded to me by the Council on Judicial Complaints pursuant to the provisions of 20 O.S.Supp.1974, § 1659, and

not as an independent action as provided in Article VII–A, § 4(a) of the Oklahoma Constitution."

Thus we are squarely faced with the issue of the constitutionality of 20 O.S. Supp.1974 § 1659 insofar as it compels the Attorney General to promptly file a Petition invoking the jurisdiction of the Court on the Judiciary when the Council on Judicial Complaints finds that a complaint should be made the subject of proceedings before the Court on the Judiciary and forwards its papers and findings regarding same to the Attorney General.

The Court on the Judiciary was created by Article VII–A of the Oklahoma Constitution. The method for invoking the jurisdiction of the Court was further provided by § 4(a), supra, of the said constitutional amendment. It will be noted that it provides that the jurisdiction of the Trial Division *may* be invoked by a Petition filed by either of six different officers or bodies. We find that this gives discretionary authority to the named officers or bodies, including the Attorney General, to invoke the authority of the Court on the Judiciary. We further find that 20 O.S.Supp.1974 § 1659 appears to make it mandatory for the Attorney General to file a Petition invoking the jurisdiction of the Court on the Judiciary when directed to do so by the Council on Judicial Complaints. The Attorney General has so interpreted the said statute, as evidenced by his affidavit previously quoted herein.

We find that the Oklahoma Constitution, which created the Court on the Judiciary, by naming the officers and bodies who can invoke the jurisdiction of the Court on the Judiciary, has purposely limited this group and that it cannot be enlarged nor can the discretion of the said group be limited by legislative action.

We therefore conclude that § 1659, supra, is unconstitutional insofar as it imposes a mandatory duty on the Attorney General to file a Petition invoking the jurisdiction of the Court on the Judiciary when

directed to do so by the Council on Judicial Complaints.

Because of the invalidity of the compulsory provision of § 1659, supra, the petition filed by the Attorney General thereunder is of no force and effect and the writ of prohibition is granted. For the foregoing reason, it is unnecessary to consider the other issues raised by the Petitioner.

Application to assume original jurisdiction granted. Trial Division of the Court on the Judiciary is prohibited from proceeding further with Petition filed by the Attorney General of the State of Oklahoma on July 7, 1975.

McBEE, GRAHAM, SMITH, HUGHES, BRETT and SIMMS, JJ., concur.

FISHEL, V.P.J., and SHUMATE, J., dissent.