Dear Chairman Massad,
¶ 0 This office has received your request asking for an Attorney General Opinion addressing the following questions:
1. Is the Council on Judicial Complaints an Executive Branchagency?
2. Does the Council on Judicial Complaints have the authority tohire a full-time Secretary of the Council and set the salary andduties of the same?
 I. COUNCIL ON JUDICIAL COMPLAINTS IS AN EXECUTIVE BRANCH ENTITY
¶ 1 The Oklahoma Separation of Powers Clause is set forth at Article IV, § 1, which provides as follows:
 The powers of the government of the State of Oklahoma shall be divided into three separate departments: The Legislative, Executive, and Judicial; and except as provided in this Constitution, the Legislative, Executive, and Judicial departments of government shall be separate and distinct, and neither shall exercise the powers properly belonging to either of the others.
Okla. Const. art. IV, § 1 (emphasis added).
¶ 2 This provision is not the sole provision in the Oklahoma Constitution dealing with separation of powers among the three branches of government. Rather, the separate independent nature of the branches of government is interwoven throughout the Constitution. The Constitution at Articles V, VI and VII, provides for the three separate branches of government and vests the powers of each branch in the officers of each branch.
¶ 3 In determining whether the Council on Judicial Complaints is an Executive Branch entity, we are mindful of four basic principles that define the general powers of each of the three branches of government. First, the general power of the Legislative Branch is the power to make law. Tweedy v. OklahomaBar Association, 624 P.2d 1049, 1054 (Okla. 1981). Second, the general power of the Executive Branch government is to execute the law. Id.
¶ 4 Third, the basic power of the Judicial Branch of government is the "authority to hear and determine, where the rights of persons or property, or the propriety of doing an act, is the subject-matter of adjudication." In Re Courthouse of OkmulgeeCounty, 161 P. 200 (Okla. 1916).
¶ 5 Fourth, offices that are neither Judicial nor Legislative necessarily belong to the Executive Branch of government. Spiveyv. State, 104 P.2d 263, 277 (Okla.Crim.App. 1940).
¶ 6 With these four basic principles in mind, we examine the statutes dealing with the Council of Judicial Complaints. The Council was created by statute, 20 O.S. 1991, § 1652[20-1652], for the purpose of carrying into effect the public policy established at20 O.S. Supp. 1997, § 1651[20-1651], which provides that it is the public policy of the State to (1) create a means for complaints regarding the conduct of judicial officers, subject to the jurisdiction of the Court on the Judiciary, to be efficiently and impartially investigated, and (2) in accordance with the provisions of 20 O.S. 1991 and Supp. 1997, §§ 1651 through 1661, provide for a determination whether complaints against such judicial officers should be made the subject of an action before the Court on the Judiciary:
 It hereby is declared to be the public policy of the State of Oklahoma to afford a means whereby complaints by any person concerning the conduct of persons occupying positions in the judicial department of government and subject to the jurisdiction of the Court on the Judiciary may be efficiently and impartially investigated; to provide an agency which can determine whether such complaints should be made the subject of action before the Court on the Judiciary, warrant a reprimand or admonition, or should be dismissed; to provide means for procuring necessary information to enable such agency to perform its functions, including the power to issue and enforce subpoenas to testify and to produce tangible evidentiary materials; to provide for the designation of complaining authorities in those cases which should be prosecuted before the Court on the Judiciary; to better the administration of justice in this state through the means enumerated in Sections 1651 through 1661 of this title.
20 O.S. Supp. 1997, § 1651[20-1651] (emphasis added).
¶ 7 In Council on Judicial Complaints v. Maley, 607 P.2d 1180
(Okla. 1980), the Oklahoma Supreme Court held that the Council on Judicial Complaints was not empowered to exercise adjudicatory authority, but rather was solely an investigatory body:
 The Council on Judicial Complaints is only an investigatory body. It may not adjudicate any matter nor impose any sanction. Its authority is limited to investigating a complaint against a judge and deciding the proper disposition of that complaint. It may dismiss the complaint or it may cause jurisdiction of the subject of the complaint to be invoked by the Court on the Judiciary through the Attorney General.
607 P.2d at 1183 (emphasis added).
¶ 8 In Haworth v. Court on the Judiciary, Trial Division,684 P.2d 1217 (Okla. Jud. 1975), the Court on the Judiciary of Oklahoma, Appellate Division, interpreted the provisions of 20O.S. 1991, § 1659[20-1659] through which the Council on Judicial Complaints "invokes" the jurisdiction of the Court on the Judiciary, through the Attorney General. In pertinent part, that statute provides:
 In the event the Council finds that the complaint should be made the subject of proceedings before the Court on the Judiciary, it shall forward all papers concerning the same, together with its findings, to the Attorney General, who shall promptly file a petition invoking the jurisdiction of the trial division of the Court on the Judiciary in accordance with Section 4(a) of Article 7-A of the Constitution of Oklahoma. Thereafter, the matter shall proceed in accordance with the applicable constitutional provisions, statutes and rules of the said Court on the Judiciary.
20 O.S. 1991, § 1659[20-1659] (emphasis added).
¶ 9 In reviewing this statute, the Court held that insofar as the statute "imposes a mandatory duty on the Attorney General to file a Petition invoking the jurisdiction of the Court on the Judiciary when directed to do so by the Council on Judicial Complaints," the statute was unconstitutional, because the provisions of Article VII-A, § 4(a) give "discretionaryauthority to the named officers or bodies, including the Attorney General, to invoke the authority of the Court on the Judiciary." 684 P.2d at 1218-19 (emphasis added). Thus, under the Constitution, the Council on Judicial Complaints may not itself invoke the jurisdiction of the Court on the Judiciary, but may only request that such be done. We thus see that the Council on Judicial Complaints not only lacks adjudicatory authority, but also lacks the power, on its own initiative, to invoke the jurisdiction of the Court that does have adjudicatory authority.
¶ 10 In 1997, the Legislature amended the provisions of Section 1658 of Title 20, and in doing so expanded the powers of the Council on Judicial Complaints by providing that the Council could "issue reprimands and admonitions," but only "if approved by the Chief Justice of the Supreme Court." 1997 Okla. Sess. Laws ch. 239, § 10. Like the so-called power of the Council to invoke the jurisdiction of the Court on the Judiciary, the so-called power of the Council to issue reprimands and admonitions is but a recommendation to another, who has the discretion to act or not act. Thus, the addition of these new powers did not change the nature of the Council on Judicial Complaints' general function. It remains an investigatory body which lacks the power to adjudicate any matter.
¶ 11 At Article VII, § 1 of the Oklahoma Constitution, the "judicial power of this State" is vested in, among other entities, "Boards, Agencies and Commissions" that exercise adjudicative authority or render decisions in individual proceedings:
 [T]he Senate, sitting as a Court of Impeachment, a Supreme Court, the Court of Criminal Appeals, the Court on the Judiciary, the State Industrial Court, Court of Bank Review, the Court of Tax Review, and such intermediate appellate courts as may be provided by statute, District Courts, and such Boards, Agencies and Commissions created by the Constitution or established by statute as exercise adjudicative authority or render decisions in individual proceedings.
Okla. Const. art VII, § 1 (emphasis added).
¶ 12 Because the Council on Judicial Complaints neither renders decisions in individual proceedings, nor exercises adjudicative authority, it does not exercise judicial power. Nor is the Council an administrative arm of an entity that exercises judicial power. Rather, the Council is a State agency created by statute to act as a watch dog over those officers who do exercise judicial power. Thus, we conclude the Council is not part of the Judicial Branch of government. Nor, obviously, is the Council part of the Legislative Branch. Accordingly, being neither part of the Legislative nor the Judicial Branch of government, the Council is, under the teachings of Spivey v. State,104 P.2d 263, 277 (Okla.Crim.App. 1940), a member of the Executive Branch of government.
 II. COUNCIL ON JUDICIAL COMPLAINTS' POWER TO HIRE A SECRETARY TO THE COUNCIL
¶ 13 In your second question you asked whether the Council on Judicial Complaints has the authority to hire a full-time Secretary to the Council, and to set that Secretary's duties and salary. At 20 O.S. Supp. 1997, § 1655[20-1655], the Legislature expressly conferred upon the Council the power to hire a Secretary to the Council:
 There is created the position of Secretary to the Council on Judicial Complaints who shall be a state employee hired by the Council. He shall receive and file all complaints received concerning the conduct of persons occupying positions in the judicial department of the government and subject to the jurisdiction of the Court on the Judiciary. He shall notify the members of the Council of each complaint filed with him. He shall attend all meetings of the Council and shall keep its minutes and perform such other tasks as the Council shall direct.
(Emphasis added.)
¶ 14 This statute specifically empowers the Council to hire a Secretary to the Council; under the enactment the Secretary is to perform specific duties enumerated in the statute as well as "perform such other tasks as the Council shall direct." Thus, the Council on Judicial Complaints has the express authority to hire a person to be its Secretary, and to prescribe the duties — in addition to the statutorily mandated duties — which the Secretary is to perform.
¶ 15 Under the provisions of 74 O.S. Supp. 1997, §840-5.5[74-840-5.5](A)(2), the Council's Secretary position is in the unclassified service, that provision indicating that "one principal assistant, or deputy and one executive secretary for each state agency" shall be in the "unclassified service." Because the Secretary position is in the unclassified service, the position is neither subject to a position allocation in the classified service, nor subject to a salary tied to an allocation in the classified service. Establishment of the Secretary's salary, of necessity, falls on the Council.
¶ 16 In Marley v. Cannon, 618 P.2d 401, 405 (Okla. 1980), the Oklahoma Supreme Court held that officers and agencies, in addition to the powers expressly given by statute, also possess, by implication, other powers necessary for the due and efficient exercise of their statutory powers:
 We recognize that generally, an officer or agency has, by implication and in addition to the powers expressly given by statute, such powers as are necessary for the due and efficient exercise of the powers expressly granted, or such as may be fairly implied from the statute granting the express powers.
618 P.2d at 405 (emphasis added).
¶ 17 In the case at hand, the Council on Judicial Complaints is expressly authorized to hire a State employee to serve as Secretary to the Council, and to set the duties — in addition to the statutorily required duties — which the Secretary is to perform. As neither the statutes dealing with Council, nor the Oklahoma Personnel Act establish a salary for the person serving in that position, the Council possesses the necessarily implied power to establish the Secretary's salary.
¶ 18 It is, therefore, the official Opinion of the AttorneyGeneral that:
1. The Council on Judicial Complaints, created at 20 O.S.1991, § 1652[20-1652], in operating under the provisions of 20 O.S.1991 and Supp. 1997, §§ 1651 through 1661, possesses neitherlegislative nor adjudicatory power, and is thus an agency of theExecutive Branch of government.
2. Under the provisions of 20 O.S. Supp. 1997, § 1655[20-1655], theCouncil on Judicial Complaints is expressly empowered to hire aSecretary to the Council, and to prescribe the duties — inaddition to the statutorily prescribed duties — that theSecretary is to perform. Additionally, the Council on JudicialComplaints possesses the necessarily implied power to set thesalary of the Secretary to the Council.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
NEAL LEADER SENIOR ASSISTANT ATTORNEY GENERAL