Dear Council Rabon,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 When the Council on Judicial Complaints finds that a complaint should be made the subject of a proceeding before the Court on the Judiciary, acting under the provisions of 20 O.S. 1659 (1999), and Article VIIA, Section 4 the Council is authorized to forward its complaint, finding, and records to various officers and bodies, including the Board of Governors of the Oklahoma Bar Association. When the Board of Governors receives these documents from the Council on Judicial complaints, is the Board required to review the complaint, the records and the Council's findings prior to exercising its discretionary power to file or not file a Petition invoking the jurisdiction of the trial division of the Court on the Judiciary?
¶ 1 The Oklahoma Constitution, at Article VII-A, Section 4
provides that the jurisdiction of the Trial Division of the Court on the Judiciary is invoked by the filing of a Petition, as follows:
 "(a) The jurisdiction of the Trial Division of the Court may be invoked by a petition, filed either by the Supreme Court or the Chief Justice thereof; by the Governor; by the Attorney General; or by the Executive Secretary of the Oklahoma Bar Association when directed so to do by a vote of a majority of all members of its Executive Council; or by Resolution of the House of Delegates or by Resolution of the House of Representatives of the State of Oklahoma."
Id. (emphasis added).
¶ 2 The Legislature, at 20 O.S. 1659 (1999) prescribed the procedure to be followed when the Council on Judicial Complaints presents its findings to some of the officers and bodies named in Article VII-A, Section 4. The language of Section 20 O.S. 1659
leads a reader to conclude that when the Council on Judicial Complaints forwards its findings that a complaint should be made the subject of a proceeding before the Court on the Judiciary to the Board of Governors of the Oklahoma Bar Association, the Board is under a mandatory duty to file a Petition invoking the Jurisdiction of the trial division of the Court on Judiciary. Section 1659 reads:
 "In the event the Council on Judicial Complaints finds that the complaint should be made the subject of proceedings before the Court on the Judiciary, it shall forward all papers concerning the same, together with its findings, to either the Supreme Court or the Chief Justice thereof, the Governor, the Attorney General, the Executive Secretary of the Oklahoma Bar Association, or the House of Representatives, who shall promptly file a petition invoking the jurisdiction of the trial division of the Court on the Judiciary in accordance with subsection (a) of Section 4 of Article 7-A of the Constitution of Oklahoma. . . . Thereafter, the matter shall proceed in accordance with the applicable constitutional provisions, statutes, and rules of the Court on the Judiciary."
Id. (emphasis added).
¶ 3 However, in Haworth v. Court on Judiciary, Trial Div.,684 P.2d 1217 (Okla. Jud. A.D. 1975), the court held otherwise in the context of a complaint which the Council on Judicial Complaints forwarded to the Attorney General with its findings that a complaint should become the subject of a proceeding before the Court on the Judiciary. The Court held that to the extent Section 20 O.S. 1659 imposed a mandatory duty to file a Petition upon the Attorney General and the other named officials and bodies, the Section was unconstitutional. In reaching this conclusion, the Court found that Article VII-A, Section 4(a) of the Oklahoma Constitution vested the Attorney General and other named bodies and officers with discretionary authority to invoke the jurisdiction of the Court of the Judiciary:
 "The Court on the Judiciary was created by Article VII-A of the Oklahoma Constitution. The method for invoking the jurisdiction of the Court was further provided by 4(a), supra, of the said constitutional amendment. It will be noted that it provides that the jurisdiction of the Trial Division may be invoked by a Petition filed by either of six different officers or bodies. We find that this gives discretionary authority to the named officers or bodies, including the Attorney General, to invoke the authority of the Court on the Judiciary."
Haworth, 684 P.2d at 1218 (emphasis added).
¶ 4 Because one of the authorities named in section 4(a) of Article VII-A of the Oklahoma Constitution is the Executive Secretary of the Oklahoma Bar Association (when directed by majority vote of the House of Delegates or the Executive Council — now the Board of Governors), the Supreme Court's holding inHaworth applies to the Bar Association's Board of Governors. Thus, the Board of Governors has discretionary-not mandatory — authority to file a Petition invoking the jurisdiction of the Court on the Judiciary.[1]
¶ 5 You asked whether the Board of Governors, in exercising its discretion, must evaluate the merits of each case presented by the Council on Judicial Complaints. The facts giving rise to your inquiry are as follows. At the October 15, 1999 meeting of the Board of Governors, the counsel to the Council on Judicial Complaints requested that the Board of Governors "evaluate four judicial complaints and the evidence collected by the Council to decide whether to call the Court on the Judiciary into session." 70 OKLA. B.J. 3000 (1999). In response to counsel's request "the Board voted to decline to accept the filing from the Council on Judicial Complaints." Id. (emphasis added).
¶ 6 On October 20, 1999, the Executive Director of the Bar Association wrote a follow-up letter to the Council on Judicial Complaints informing the Council of the Board of Governors' action at its meeting, as follows:
 "Please be advised that the Board of Governors declined as a matter of policy and without any review of the facts of the particular cases to take the requested action.
 "Your office has previously supplied me with what appears to be copies of the proposed petitions and transcripts of proceedings involving four (4) pending cases. Based on the action of the Board of Governors, I am returning these documents to your custody."
Letter from William H. Sullivan, Executive Director, Oklahoma Bar Association, to Eric B. Mitts, Executive Director, Council on Judicial Complaints (Oct. 20, 1999) (on file with recipient) (emphasis added).
¶ 7 In Oklahoma, the power of public officials to make discretionary decisions does not vest the public officer with unbridled discretion. For example, in Stewart v. Oklahoma TaxCommission, 168 P.2d 125 (Okla. 1946), the Oklahoma Supreme Court considered the nature of the discretionary power of the Tax Commission to grant or deny a license to sell intoxicating beverages and in so doing found that discretion denotes the knowledge, prudence, and discernment which enables a person to judge critically what is right and proper:
 "The term "discretion" denotes the absence of a hard and fast rule and, when it is invoked as a guide to judicial action, means "sound discretion"; this is held to mean a discretion not exercised willfully or arbitrarily, but with a regard to what is right and equitable under the circumstances. Discretion is said to imply the knowledge, prudence and discernment enabling a person to judge critically what is right and proper."
Id. at 128-29 (citations omitted) (emphasis added).
¶ 8 The Stewart Court then held that whether an abuse of discretion has occurred "depends upon the circumstances surrounding each case." Id. at 129. Also see Rawls v. State,190 P.2d 159 (Okla.Crim. 1948), to similar effect, where the Court held that an abuse of discretion is "a clearly erroneous conclusion and judgment; one that is clearly against the logic and effect of such facts as are presented in support of the application." Id. at 164 (emphasis added). In that case an application for a change of venue was under consideration.
¶ 9 In Jones v. State, 236 P.2d 102 (Okla.Crim. 1951), the Court concluded although an application may rest in the discretion of a trial court, it "does not mean that it may be granted or refused at the mere will or pleasure of the judge, but he is to exercise a sound judicial judgment in the interest of justice and prudence." Id. at 108. Then, in deciding whether an abuse had occurred, the Court looked to the record. More recently in McConnell v. Town Clerk of Tipton, 704 P.2d 479 (Okla. 1985), the Supreme Court listed the two instances where mandamus may be issued. The second instance was:
 "Where the act sought to be mandated requires the exercise of judgment or discretion, but the board or officer exercising such discretion has acted arbitrarily or fraudulently."
Id. at 481.
¶ 10 The Court further held that an abuse of discretion inquiry focuses on the reasonableness of the decision "in any given case." Id. at 482.
¶ 11 Similarly, in State v. Winne, 96 A.2d 63 (N.J. 1953), the New Jersey Supreme Court held that a county prosecutor's willful refusal to act without just cause or excuse renders the prosecutor guilty of breach of duty, making him subject to indictment. See id. at 74.
¶ 12 In discussing the prosecutor's discretion, the Court held:
 "It is interesting to observe that the kind of discretion required of the county prosecutor is not different from that required of a judge:
 "It is settled that the exercise of discretion implies conscientious judgment, not arbitrary action, and takes account of the law and particular circumstances of the case, being directed by the reason and conscience of the judge to a just result."
Id. at 74 (quoting State v. Shiren, 88 A.2d 601, 604 (1952)) (emphasis added).
¶ 13 Under the teaching of Haworth the Bar Association's Board of Governors is not required to file a Petition invoking the jurisdiction of the Court on the Judiciary when the Council on Judicial Complaints forwards a complaint, the underlying record and the Council's findings that the complaint should be made the subject of proceedings before that Court. On the contrary, when presented with such findings and the record from the Council, the Board of Governors is authorized to exercise its discretion in determining whether to file a Petition. As noted above, however, the exercise of discretion by governmental officials in such instances implies the knowledge, prudence and discernment which would enable the official to judge critically which is the correct course of action.
¶ 14 A decision by the Board of Governors, in the exercise of such discretion, could not be informed and based upon critical judgment unless the Board accepted the record and findings presented by the Council on Judicial Complaint and then duly considered and analyzed them. Accordingly, we conclude that the Board of Governors, in exercising its discretion in deciding whether or not to file a Petition with the Court of the Judiciary, must accept the documents forwarded by the Council on Judicial Complaints, then examine each complaint and its record and the Council's findings, before making a decision on the merits of each case.
¶ 15 Recently, the New York Court of Appeals, in Johnson v.Patak, 691 N.E.2d 1002 (N.Y. 1997), considered the "blanket policy" of a District Attorney not to ever seek the death penalty. The Court noted that the adoption of a "blanket policy," instead of the exercise of discretion on a case-by-case basis, was a functional veto of the law:
 "Whether or not District Attorneys must exercise their death penalty discretion on a case-by-case basis, clearly the Legislature did not allow one or all 62 District Attorneys to functionally veto the statute by adopting a "blanket policy," thereby in effect refusing to exercise discretion."
Id. at 1007 (emphasis added).
¶ 16 If all of the officers and bodies who, under Article VII-A, are vested with the power to invoke the jurisdiction of the Court of the Judiciary, adopted a "we will never accept, never review, never file" policy like that adopted by the Bar Association, the constitutional intent and purpose of Article VII-A, Section 4 would be completely thwarted.
¶ 17 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Under the provisions of 20 O.S. 1659 (1999) and Article VIIA, Section 4 of the Oklahoma Constitution, when the Council on Judicial Complaints presents a complaint, the underlying investigatory record, and a finding of the Council that the complaint should be made the subject of a proceeding before the Court on the Judiciary to the Board of Governors of the Bar Association,[2] the Board of Governors has the discretion to file or not file a Petition invoking the jurisdiction of the Court on the Judiciary. The Board of Governors, in exercising its discretion, must first accept the documents presented by the Council; review the complaint, the Council's findings and the investigatory record and then, based on all the material presented, make an informed decision whether to file a Petition with the Court on the Judiciary.
 W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
 NEAL LEADER ASSISTANT ATTORNEY GENERAL
[1] Note, we deal here with the Bar Association's powers and obligation under Article VII-A, Section 4, and related law, and are not dealing with the Association's general powers to investigate and prosecute attorneys for unethical conduct, which do not include the power to regulate and discipline judges, as was made clear in Chambers v. Central Committee of Oklahoma Bar Association, 224 P.2d 583 (Okla. 1950).
[2] Under the provisions of Article VII-A, Section 4, the jurisdiction of the Trial Division of the Court on the Judiciary may also be invoked by the Supreme Court or its Chief Justice, the Governor, the Attorney General, by the Bar Association's House of Delegates, or by Resolution of the House of Representatives of the State of Oklahoma. Our analysis today has equal application to all these officers and bodies.