STATE of Oklahoma, ex rel. Robert D. SIMMS, Chief Justice of the Supreme Court of Oklahoma, Appellant,

v.

Elizabeth L. McCALLISTER, Appellee.

No. CJAD–85–4.

Court on the Judiciary of Oklahoma, Appellate Division.

July 1, 1986.

---

**1.** *Illinois v. Somerville*, 410 U.S. 458, 471, 93 S.Ct. 1066, 1074, 35 L.Ed.2d 425 (1973).

S.M. Fallis, Jr., Tulsa, for appellant.

Thomas A. Wallace, Garvin A. Isaacs, Oklahoma City, for appellee.

JENNINGS, Judge.

This is an appeal to the Appellate Division of the Court on the Judiciary from an order of the Trial Division. The Trial Division ordered the suspension of the Respondent, Elizabeth L. McCallister, Associate District Judge of the Ninth Judicial District, Logan County, Oklahoma, for a period of four months, finding that she had committed an act of oppression in office.

The Petitioner appeals from the rulings of the Trial Division in disposing of the other allegations contained in the original petition. The Respondent also appeals the finding and suspension. AFFIRMED.

On June 20, 1985, a petition was filed in the Trial Division seeking the removal of the Respondent as Associate District Judge. The petition alleged that the Respondent was guilty of oppression in office, which acts are prohibited by Okla.Const. art. 7–A, § 1(b), and 20 O.S.1981 § 1404. The petition in separate paragraphs delineated ten specific "incidents" asserting that each such incident constituted one or more of the grounds for removal. Rulings by the presiding judge of the Trial Division prior to trial reduced the number of the incidents to eight, which were then prosecuted before the Trial Division.

The trial commenced on September 16, 1985, and the Petitioner rested its case on September 17, 1985. The Respondent entered her demurrer to each of the eight incidents. The Trial Division sustained the demurrer as to five of the incidents. The Respondent then presented her case as to the remaining three incidents, and both sides rested. After deliberation, the Trial Division entered its order, finding for the Respondent on two of the incidents, but finding against the Respondent on the remaining one incident, determining in a 5–4 decision that the conduct of the Respondent on the remaining one incident constituted oppression in office and suspended her without pay for a period of four months.

The Petitioner asserts that the removal of the Respondent was warranted not only by proof of the separate and individual incidents alleged in the petition, but also through a "pattern" of improper judicial conduct which is alleged to have been revealed by a consideration of those incidents collectively.

The cases cited by the Petitioner, *In re Field*, 281 Or. 623, 576 P.2d 348 (1978), *In re Mikesell*, 396 Mich. 517, 243 N.W.2d 86 (1976), and *In re Kelly*, 238 So.2d 565 (Fla. 1970), support prosecution on such a theory. These cases, however, appear to have been based on the "pattern" or "accumulation" theory from the inception and investigation of those cases, and the petitions were drafted and evidence presented accordingly.

In this case, no such theory appears from the pleadings. Paragraph 3 of the petition alleges that the Respondent is guilty of oppression in office, gross neglect of duty, and gross partiality in office. Thereafter, in ten separately numerated paragraphs, incidents are specifically detailed. Each paragraph begins with the date and location of when and where the incidents are alleged to have occurred. Each paragraph

concludes with the allegation that such actions by the Respondent constitute either oppression in office, gross neglect of duty, or gross partiality in office.

■ At the conclusion of the Petitioner's evidence when demurrers were being argued, the prosecutor argued this "pattern" theory. At the conclusion of the trial on all issues the "pattern" theory was again advanced and urged by the prosecutor in final argument. The sustaining of the demurrers to the Petitioner's evidence on five of the allegations against the Respondent did not prevent the Trial Division from considering all evidence introduced during the trial in determining all issues before the court. Even though the "pattern" theory was not alleged in the petition, it was presented to the Trial Division for acceptance or rejection. It chose to reject it.

The Trial Division expressed concern in its order about certain testimony regarding actions and conduct of the Respondent that was admitted into evidence during the trial. The Trial Division found certain conduct to "offend this court." The judges of the Appellate Division share this concern. It is doubtful that most judges of this state would want to put their stamp of approval on much of the conduct of the Respondent that was revealed within the trial transcript. Whether such actions constitute oppression in office, gross neglect of duty, or gross partiality in office, however, is a question of fact that was decided by the Trial Division. Even it was not able to arrive at a unanimous decision on all issues.

The trial of this case was both lengthy and exhaustive. Twenty witnesses testified over a four-day period. All legal issues contained in this appeal were presented and argued before the Trial Division and are contained within the nine hundred thirty-six pages of the trial transcript reviewed by this court. The judges of the Trial Division had the opportunity to see and hear firsthand the witnesses on both sides. As with most trial jurors, they are in the best position to determine credibility of the various witnesses and the weight and value to be given their testimony. A decision of a trial court will not be disturbed unless errors of law occurred or the judgment is clearly contrary to the evidence and without any reasonable foundation. *Rain v. Balph*, 293 P.2d 359 (Okla.1956).

■ We find that the Trial Division properly tried the issues and that there was a reasonable foundation for their resolution of the conflicts and ultimate conclusions and that the judgment is supported by clear and convincing evidence. Justice and equity require the order to be affirmed. Okla. Const. art. 7–A, § 5(c).

HAMPTON, KAUGER, MALEY and PARKS, JJ., concur.

BICKFORD, BROCK, HODGES and PARR, JJ., concur in part and dissent in part.

HODGES, J., appointed in place of WILSON, J., who disqualified.

BROCK, Judge, concurring in part and dissenting in part.

I concur with the majority, except as to Paragraph 4 of the petition. I believe the evidence clearly establishes that the actions by the Respondent, Elizabeth L. McCallister, constitute oppression in office. I would not, however, increase the sanctions imposed by the Trial Division. I am authorized to say that Judges Bickford, Hodges, and Parr join me in this dissent.