Question Submitted by: Taylor Henderson, Administrative Director, Oklahoma Council on Judicial Complaints
2024 OK AG 17
Decided: 11/01/2024
Oklahoma Attorney General Opinions
Cite as: 2024 OK AG 17, __ __

 
¶0 This office has received your request for an Attorney General Opinion in which you ask, in effect, the following:
When members of Oklahoma state boards, agencies, and commissions who are part of the executive branch exercise judicial or quasi-judicial powers, are they subject to investigation by the Oklahoma Council on Judicial Complaints for violations of the Code of Judicial Conduct?
I.
SUMMARY
¶1 State boards, agencies, and commissions that are in Oklahoma's executive branch are not subject to investigation by the Oklahoma Council on Judicial Complaints ("Council") when they exercise judicial or quasi-judicial powers. The Council's jurisdiction is coterminous with the jurisdiction of the Court on the Judiciary ("COJ"). . The COJ's jurisdiction is limited to removing "judges of any court." OKLA. CONST. art. VII-A, § 1. State boards, agencies, and commissions located in the executive branch do not qualify as judges of any court under the Oklahoma Constitution, even when they exercise judicial or quasi-judicial powers. Therefore, the Council has no jurisdiction over executive branch state boards, agencies, and commissions, which includes an investigation by the Council for violations of the Code of Judicial Conduct.
II.
BACKGROUND
¶2 The Oklahoma executive branch has over three hundred state agencies, boards, and commissions. Many state agencies, boards, and commissions perform judicial or quasi-judicial functions. For example, "[t]he State Board of Medical Licensure and Supervision is statutorily granted quasi-judicial powers while sitting as a Board for the purpose of revoking, suspending or imposing other disciplinary actions upon the license of physicians or surgeons of this state." State ex rel. Oklahoma State Bd. of Med. Licensure & Supervision v. Rivero, , ¶ 20, , 44. Similarly, the Oklahoma Accountancy Board is granted quasi-judicial powers to, among other things, "[r]evoke any certificate, license, practice privilege or permit issued pursuant to the provisions of the Oklahoma Accountancy Act." --15.24. Moreover, even the Attorney General's issuance of opinions is an action within his or her quasi-judicial capacity. , ¶ 12.
¶3 "The Court on the Judiciary was created by a series of amendments to the constitution, Okla. Const. Art. 7-A §§ 1 et seq., passed by a vote of the people in 1966." Mattingly v. Ct. on Judiciary, Trial Div., 2000 OK JUD 1, ¶ 11, , 948. The COJ was created in response to a scandal that rocked the Oklahoma Supreme Court in 1965 and led to three justices being "forced out of office and disgraced" for their part in allegedly accepting a $150,000 bribe.
¶4 The COJ is charged with removing "the judges of any court" for "[g]ross neglect of duty; corruption in office; habitual drunkenness; commission while in office of any offense involving moral turpitude; gross partiality in office; oppression in office; or other grounds as may be specified hereafter by the legislature." OKLA. CONST. art. VII-A, §§ 1(a--b). It also has authority to order "compulsory retirement from office, with or without compensation," if a judge is proven to have "mental or physical disability preventing the proper performance of official duty, or incompetence to perform the duties of the office." Id. § 1(c).
¶5 "The Council on Judicial Complaints was created in 1974 by , et seq. and remained largely unchanged until 1997." Mattingly, ¶ 14, 8 P.3d at 948. Relevant here, the Council was created "[t]o afford a means for efficiently and impartially investigating complaints by any person concerning the conduct of persons occupying positions subject to the jurisdiction of the Court on the Judiciary." .
III.
DISCUSSION
¶6 The Council Does Not Have Jurisdiction to Investigate Complaints Against State Boards, Agencies, or Commissions Located in the Executive Branch.
¶7 The Council's express purpose is "investigating complaints by any person concerning the conduct of persons occupying positions subject to the jurisdiction of the Court on the Judiciary." . Consequently, the Council's jurisdiction is coterminous with the jurisdiction of the Court on the Judiciary.
¶8 The COJ's jurisdiction is limited to considering allegations against "judges of any court" that subject the judge "to removal from office, or to compulsory retirement from office." OKLA. CONST. art. VII-A, § 1; see also Coleman v. Ct. on Judiciary Trial Div., 2020 OK JUD 1, ¶ 5, 472 P.3d 714, 716. Consequently, the issue presented is whether members of state boards, agencies, and commissions are themselves considered "judges of any court" under Oklahoma's Constitution.
¶9 Members of an executive branch state board, agency, or commission are not judges of any court as that phrase is used in article VII-A, section 1 of the Oklahoma Constitution. The Council suggests in the letter accompanying its opinion request that Oklahoma Corporation Commissioners are subject to its jurisdiction. Specifically, the Council points out that the Oklahoma Corporation Commission "exercise[s] legislative, judicial, or executive power." In re Application of Oklahoma Gas & Elec. Co., , ¶ 11, , 1201. Further, "[w]hen it exercises judicial power, the Commission is functionally a court of record." Id. As a result, the letter suggests that Corporation Commissioners are subject to the Council's jurisdiction. This office reaches the opposite conclusion. This office finds that Corporation Commissioners are not subject to the jurisdiction of the Council.
¶10 The Oklahoma Supreme Court addressed whether Corporation Commissioners are judges consistent with article VII of the Oklahoma Constitution in State ex rel. Edmondson v. Oklahoma Corp. Comm'n, , ¶ 21, , 873. Edmondson involved an attempt to increase the pay of Corporation Commissioners that became effective during the term of the Commissioners' office. Id. ¶ 1, 971 P.2d at 869. The question presented was whether the proposed pay increase violated article XXIII, section 10 of the Oklahoma Constitution, "which prohibits change in the salary of any public official during the official's term of office unless otherwise provided." Id. ¶ 1, 971 P.2d at 869. The Corporation Commissioners argued that they were not subject to this constitutional limitation because they qualified for an exception to this rule for judges found in article VII, section 11 of the Oklahoma Constitution. Id. ¶ 20, 971 P.2d at 873. The Oklahoma Supreme Court summarily rejected this claim. Specifically, "[w]hile the Corporation Commission may exercise legislative, executive and judicial powers, the Commissioners are not judges, and are properly considered under the executive department under Article 6 § 1 of the Oklahoma Constitution." Id. ¶ 21, 971 P.2d at 873. (emphasis in original). The Court went on to reiterate "that despite the fact that the Corporation Commission exercises quasi-judicial functions, it is not a court [and] is not part of the judicial department[,] and the commissioners are not judges." Id. (citing Vogel v. Corp. Comm'n of Oklahoma, , , 587).
¶11 Such analysis applies equally to other state boards, agencies or commissions in the executive branch. The Corporation Commission has been vested with "the powers and authority of a court of record" in the Oklahoma Constitution. OKLA. CONST. art. IX, § 19. If commissioners, who together may wield "powers and authority of a court of record," do not qualify as judges under the Oklahoma Constitution, it is unlikely the Oklahoma Supreme Court would designate members of any other state board, agency, or commission located in the executive branch to be "judges" under the Oklahoma Constitution. To hold otherwise would subject many, if not most, executive branch officials, including those who are elected by the voters, to investigation and removal by the Council and COJ. There is no evidence that a Court on the Judiciary created in response to a bribery scandal at the Oklahoma Supreme Court was intended to have such broad power outside of the judicial branch. Therefore, this office concludes that members of state boards, agencies, commissions are not "judges of any court" under article VII-A, section 1 of the Oklahoma Constitution. Accordingly, the COJ and Council do not have jurisdiction over members of state boards, agencies, and commissions.
¶12 It is, therefore, the official Opinion of the Attorney General that:

The Oklahoma Council on Judicial Complaints does not have jurisdiction to investigate complaints, including those arising under the Code of Judicial Conduct, against state boards, agencies, or commissions located in the executive branch, even when such boards, agencies, or commissions are exercising judicial or quasi-judicial powers.
 

GENTNER DRUMMOND
ATTORNEY GENERAL OF OKLAHOMA
GARRY M. GASKINS, II
SOLICITOR GENERAL
FOOTNOTES
 Nothing in this Opinion should be read to indicate that executive branch officials are exempt from complying with the Code of Judicial Conduct when acting in a judicial or quasi-judicial manner. The Code of Judicial Conduct applies to "anyone who is authorized to perform judicial functions, including an officer such as a magistrate, court commissioner, special master, referee, or member of the administrative law judiciary." Application (I)(B), Code of Judicial Conduct, 5 O.S.2021, ch. 1, app. 4. This is broad enough that those members of a board, agency, or commission who act as administrative law judges are likely subject to the code sections applicable to periodic part-time judges or pro tempore part-time judges. Id. at Parts IV-V.
 State Agencies, Oklahoma.gov, https://oklahoma.gov/stateagency.html (last visited on Oct. 31, 2024).
 Bob Burke, From the Ashes of Scandal Came Court Reform, 94 Okla. Bar J. 5 (2023), https://www.okbar.org/barjournal/may-2023/from-the-ashes-of-scandal-came-court-reform/#_ednref22 (last visited Oct. 31, 2024).
 In 1997, the Council was temporarily given power to issue reprimands and admonitions with the approval of the Chief Justice of the Oklahoma Supreme Court. Mattingly, ¶ 3, 8 P.3d at 946. This was short lived as the Legislature eliminated the Council's general power to issue reprimands and admonitions in 1999. Id. ¶ 3, 8 P.3d at 946 n.2.
 Rule 3 of the Rules Governing Complaints on Judicial Misconduct also supports this conclusion. This Rule states that "the Council on Judicial Complaints is authorized to receive complaints regarding a judge as defined in ." In re Rules Governing Complaints on Jud. Misconduct, , ¶ 6, . Title 20, section 1404 of the Oklahoma State Statutes defines a "judicial officer" to include "the judges of all courts created by the state or municipalities of the state." . This is similar to the "judges of any court" language found in article VII-A, section 1 of the Oklahoma Constitution, which defines the jurisdiction of the COJ.
 There have been eleven (11) published opinions issued by the Court of the Judiciary since its creation. These published opinions can be found on the Oklahoma State Court Network website by clicking on the "Court on the Judiciary" link under the Legal Research tab (https://www.oscn.net/applications/oscn/Index.asp?ftdb=STOKCSJU&level=1). All cases involved district court or appellate judges. Therefore, they are not helpful for resolving this question.
 To be clear, there are already adequate methods to investigate and remove executive branch officials for, among other things, willful neglect of duty and corruption in office. See Okla. Const. art. VIII, § 1; and --1197.