OSCN Found Document:DISCIPLINARY PROCEEDING 

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 DISCIPLINARY PROCEEDING 2025 OK 51
Case Number: 123375
Decided: 08/20/2025
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2025 OK 51, __ P.3d __

 

IN THE MATTER OF THE DISCIPLINARY PROCEEDING CONCERNING EMILY MUELLER, SPECIAL JUDGE, POTTAWATOMIE AND LINCOLN COUNTIES, OKLAHOMA

ORDER 

¶1 The Council on Judicial Complaints ("the Council") initiated this case by delivering a report to the Chief Justice concerning the Council's investigation of Special Judge Emily Mueller. The report contained Findings of Fact, Conclusions of Law, and a Recommendation ("the Report") that the Supreme Court impose a private reprimand and mandatory judicial education.

¶2 The Council plays an important role in protecting and preserving the integrity of the Oklahoma Judiciary. The Council is "an agency in the Executive Department" that independently investigates and evaluates complaints of judicial misconduct. 20 O.S.2011, §§ 1651

¶3 While the Council can make recommendations concerning the merits of a complaint and the need for disciplinary proceedings, the Council "may not adjudicate any matter nor impose any sanction." Mattingly v. Court on the Judiciary, Trial Div., 2000 OK JUD 1, ¶ 17, 8 P.3d 943Mattingly, ¶ 17, 8 P.3d at 947.

¶4 The Rules vest the Chief Justice with responsibility to determine "appropriate action . . . to remedy the problem" and reserve to the Court the power to impose "appropriate discipline." Rule 4(c) and (d), 5 O.S. Ch. 1, App. 4A. After considering the findings and response from the judge, "the Court may then choose to impose any combination of appropriate discipline to include a private reprimand, mandatory education paid for by the judge or judicial candidate, mandatory mentorship, suspension with or without pay, public reprimand, or censure." Rule 4(d), 5 O.S. Ch. 1, App. 4A.

¶5 The Chief Justice forwarded the Report to the Supreme Court, which voted for the Chief Justice to handle the matter with corrective action. The Chief Justice sent the Report to Judge Mueller and invited her to respond. The Chief Justice reviewed Judge Mueller's response, and requested she appear for an in-person interview. The Chief Justice conducted Judge Mueller's interview and presented his recommendation of discipline to the Supreme Court.

¶6 The allegations set forth in the Report can be summarized as follows:

Judge Mueller has been a Special Judge for Judicial District 23 comprised of Pottawattomie and Lincoln Counties since 2019. Judge Mueller has displayed a pattern of poor demeanor toward certain attorneys and courthouse staff and bias against certain attorneys. These allegations were supported by affidavits and statements from other attorneys and courthouse staff. In addition to allegations of poor demeanor, Judge Mueller was accused of engaging in ex parte discussions wherein she discussed two issues relating to the case heard that day. 

In response to the Report regarding her demeanor, Judge Mueller admitted that her attitude has fallen short in interactions with attorneys and even her co-workers, but ultimately attributed her poor interactions to not being a "morning person." In response to engaging in ex parte conversations, she did not consider the conversations as ex parte because no decision was being made that day but recognized that she could have handled the hearing differently.

¶7 The Council found by clear and convincing evidence that Judge Mueller violated Rules 1.2, 2.8, and 2.9 of the Code of Judicial Conduct. "Whether discipline should be imposed should be determined through a reasonable and reasoned application of the Rule(s) and should depend on factors such as the seriousness of the violation, the extent of any pattern of improper activity, whether there have been previous violations of the Rules, and the effect of the improper activity upon the judicial system or others." Scope of the Code of Judicial Conduct, 5 O.S. Ch.1, App. 4.

¶8 An independent, fair, and impartial judiciary is indispensable to our system of justice. Preamble of the Code of Judicial Conduct, 5 O.S. Ch. 1, App. 4. Judges must "respect and honor the judicial office as a public trust and strive to maintain and enhance confidence in the legal system." Id. Judges are required to "maintain the dignity of judicial office at all times, and avoid both impropriety and the appearance of impropriety in their professional and personal lives. They should aspire at all times to conduct that ensures the greatest possible public confidence in their independent, impartiality, integrity, and competence." Id. These are not aspirational ideals; they are essential obligations of judicial office.

¶9 We adopt the Council's findings and conclusions and find that Judge Mueller violated Rules 1.2, 2.8, and 2.9 of the Code of Judicial Conduct. Rule 1.2 requires a judge to "act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary, and avoid impropriety and the appearance of impropriety." Rule 1.2, Code of Judicial Conduct, 5 O.S. Ch. 1, App. 4. The Council determined the evidence established that Judge Mueller is, at times, undignified and discourteous to certain attorneys that appear before her, thereby creating the appearance of impropriety. The Council noted that because Judge Mueller's "rude conduct extends beyond the courtroom in her personal interactions with attorneys, she appears to have personal dislike for certain attorneys rather than simply professional disagreement." 

¶10 Rule 2.8 requires that a judge be "patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, court staff, court officials, and others with who the judge deals in an official capacity." Rule 2.8, Code of Judicial Conduct, 5 O.S. Ch. 1, App. 4. Judicial temperament is among the most important qualities for any individual serving as a judge. The Council noted that when viewed in the aggregate, Judge Mueller does not treat everyone with the level of respect and dignity that is expected of a judicial officer for the State of Oklahoma. 

¶11 Rule 2.9 prohibits judges from "initiat[ing], permit[ing], or consider[ing] ex parte communications, or consider[ing] other communications made to the judge outside the presence of the parties or their lawyer, concerning a pending or impending matter." Rule 2.9, Code of Judicial Conduct, 5 O.S. Ch.1, App. 4. We find Judge Mueller's initiation of ex parte communications wherein she discussed issues of a pending matter in the absence of the other party's attorney is a clear violation of Rule 2.9 of the Code of Judicial Conduct.

¶12 Viewing the Report in its entirety, we find Judge Mueller's conduct reflects a serious departure from the standards required of a judicial officer and erodes the public's confidence in the Judiciary. A judge must earn the respect of the community in which she presides--respect that is rooted in fairness, impartiality, and professionalism both on and off the bench. The independence of the Judiciary depends on the public's confidence, and that confidence is maintained only when judges conduct themselves in a manner that upholds the dignity of the position they hold.

¶13 We do not find that the Council's recommendation of a private reprimand is a sufficient imposition of discipline in this matter. Like disciplinary proceedings pertaining to attorneys, "[t]he purposes of discipline are the protection of the public, . . . and the deterrence of similar misconduct." State ex rel. Oklahoma Bar Ass'n v. Beasley, 2006 OK 49142 P.3d 410

SPECIAL JUDGE EMILY MUELLER PUBLICALLY REPRIMANDED

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE ON AUGUST 19, 2025

s/____________________________________________
CHIEF JUSTICE

Rowe, C.J., Kuehn, V.C.J., Edmondson, Gurich, Darby, Kane, Jett, JJ., concur.

Winchester, J., dissent.

Combs, J., not participating.

FOOTNOTES

Id. at 23.

 
 
 
 
 
 
 
 
 
 The Oklahoma Supreme Court
 2100 N. Lincoln Blvd., Suite 1
 Oklahoma City, OK 73105