Gar C. GRAHAM, Associate District Judge of Oklahoma County, 7th Judicial District of the State of Oklahoma, Petitioner,

v.

Joe CANNON, Presiding Judge of the 7th Judicial District of the State of Oklahoma, Respondent.

No. 51832.

Supreme Court of Oklahoma.

Jan. 26, 1978.

Mickey James, Green & James, Oklahoma City, for petitioner.

Larry Derryberry, Atty. Gen., Paul C. Duncan, Asst. Atty. Gen., for respondent.

IRWIN, Justice.

Associate District Judge Gar C. Graham (petitioner) was arrested by officers of the Bethany Police Department. He was subsequently charged in the Municipal Court of Bethany with "resisting arrest", and in the District Court of Oklahoma County with "operating a motor vehicle while under the influence of intoxicating liquor". Shortly thereafter, Joe Cannon, Presiding Judge of the 7th Judicial District (respondent), issued the following Order:

"The conduct of all persons is governed by the law, but in addition, a judge's conduct, both on and off the bench, is governed by the Code of Judicial Ethics.

Due to criminal charges having been filed against Associate District Judge Gar Graham, it is in the best interest of the law, the administration of justice, the Canons of Judicial Ethics and Judge Graham that the following Order be made. Nothing contained in this Order should be construed as any pre-judgment of the charges against Judge Graham, as this should be left to the proper legal forum. In order to protect the integrity of the judiciary, it is not advisable that Judge Graham exercise his judicial functions until this matter is resolved.

Effective Monday, January 9, 1978, Associate District Judge Gar Graham is relieved of any and all judicial assignments within the District Court of Oklahoma County, Oklahoma.

Effective Monday, January 9, 1978, all cases, hearings, motions and all other judicial matters which are set or to be set before Judge Graham shall be heard by the other judges of the Family Relations Division and/or a judge assigned by the Chief Justice of the Supreme Court of Oklahoma.

This Order shall remain in full force and effect until further order of the Presiding Judge of the 7th Judicial District."

Petitioner filed an Application with this Court to Assume Original Jurisdiction and a Petition for Writ of Prohibition and/or Mandamus prohibiting respondent from enforcing the above order and directing him to withdraw it. We assume original jurisdiction. *See Wiseman v. Boren*, Okl., 545 P.2d 753 (1976).

■ The parties disagree on the effect of the order. Petitioner argues the order "suspends" him from exercising all his judicial functions. On the other hand, respondent argues it does not purport to suspend petitioner, but merely relieves him of all judicial assignments until further order and transfers petitioner's case load to other judges within the Seventh Judicial District. We cannot accept respondent's analysis of the Order. It is neither suggested nor contended that the order was issued because petitioner has been or will be unwilling or unable to perform his judicial duties. The factors recited in the order as grounds for the action taken have no relation to petitioner's conduct as a judge in the performance of his duties. Although the word "suspension" is not used in respondent's Order, the force and effect of said order is to de facto "suspend" petitioner from the exercise of his judicial duties. The very language of the order itself leaves no other reasonable alternative conclusion as to its purpose. The order issued "[D]ue to criminal charges having been filed . . . ." against petitioner. The order recites that "[I]n order to protect the integrity of the judiciary, it is not advisable that Judge Graham exercise his judicial functions until this matter is resolved." The action taken in the order was intended to effectively preclude petitioner from exercising his judicial functions. The order must be treated as an "Order of Suspension" from the exercise of his judicial duties in adjudicating the issues presented.

There are several procedures established by law in Oklahoma whereby a judge of the district court may be suspended from the exercise of his judicial duties. Since the adoption of the new judicial Article in Oklahoma, the most common of these is by proceedings before the Court on the Judiciary. Okl.Const. Art. VII–A, § 1 et seq.

There are two divisions of the Court on the Judiciary, the Trial Division and the Appellate Division. Okl.Const., Art. VII–A, § 2. The jurisdiction of the Trial Division may be invoked as prescribed by Art. VII–A, § 4(a). Neither the Presiding Judge of an Administrative District nor any other judge of the district court has constitutional authority to invoke the Trial Division's jurisdiction. After the Trial Division has acquired jurisdiction by reason of the filing of a petition by the proper authority, Art. VII–A, § 4(d), provides that "Pending the determination of the proceedings, the Trial Division in its discretion may suspend the respondent (the accused judge) from the exercise of his office". The suspension provisions of § 4(d), supra, have been implemented in the Rules adopted by the Trial Division. If the verified petition requests suspension, it must allege facts showing an emergency exists which would warrant suspension, notice must be given to the accused judge, and afford him an opportunity to be heard on the issue of the interim suspension. Rules of the Trial Division of the Court on the Judiciary, Rule 10.

While proceedings in the Court on the Judiciary is the most common method by which to effect the suspension of a judge of the district court, resort to those proceedings is not the exclusive method permitted by law. The Constitution specifically provides that "the judges of any court" may be removed from office by such "other methods and causes prescribed by the Constitution and laws." Okl.Const. Art. VII–A, § 1. The other methods prescribed by law are "removal" [22 O.S.1971, §§ 1181 et seq.] and "ouster" [51 O.S.1971, §§ 91 et seq.].

Each of these statutory procedures would permit interim suspension under proper circumstances. For example, in reference to "removal" under 22 O.S.1971, §§ 1181 et seq., section 1195(1) provides:

"When the complaint for removal is filed, if, in addition to the matter charged as ground for removal, the complaint shall also pray that the officer charged be suspended from office pending the investigation, the judge of the court may, if sufficient cause appear from the charge or from the testimony, or affidavits then presented, order the suspension of the accused from the functions of his office until the determination of the matter * * * *".

"Ouster" proceedings under 51 O.S.1971, §§ 91 et seq., contain similar provisions authorizing suspension pending an investigation or trial after the complaint or petition for ouster has been filed. See, 51 O.S.1971, § 98. However, if the ouster proceedings are based upon an alleged violation of any penal statute involving moral turpitude, suspension will not lie until the "official involved has been convicted thereof by a court of record." 51 O.S.1971, § 93(3).

A cursory examination of the above procedures for removal or ouster discloses that where suspension is authorized the trier of the proceedings (judge or trial court) may or may not suspend the accused pending trial. Under neither statutory method are circumstances envisioned where the petitioner/complainant is authorized to make the decision on whether the accused will or will not be suspended pending investigation or trial.

Respondent characterizes his order as an exercise of the administrative authority vested in him as Presiding Judge of the Seventh Judicial District under the Rules on Administration of Courts, 20 O.S.1971, Ch. 1, App. 2, Rules 2 and 7. The Rules on Administration of Courts were promulgated by this Court pursuant to Okl.Const. Art. VII, § 10(b), which provides:

"Subject to the authority of the Supreme Court, the Presiding Judge shall have general administrative authority over the Judicial Administrative District, including authority to provide for divisions, general or specialized, and for appropriate times and places of holding court subject to law."

Rule 2 states:

" * * * the Presiding Judge shall have general Administrative authority and supervision over all courts within the district, and over all judicial personnel

and court officials serving in the district; * * *."

Rule 7 states:

"Subject to the administrative authority of the Supreme Court and of the Presiding Judge, the district judge shall have plenary control and supervision of the court's docket and shall be vested with the power to prescribe by rules and directives how cases shall be assigned to the judicial personnel serving in the district courts within the district court judicial district of which he is in charge."

█ We find no language in the Rules, statutes or the Constitution which authorizes a Presiding District Judge in the exercise of his administrative authority to "effectively suspend from judicial duties" another district judge. The Rules implementing the statutes and Constitution were adopted as part of the general guidelines necessary to establish conformity of administration between the several judicial districts, and to facilitate the efficient administration of justice in the processing of the court's business. Nothing herein should be considered as in any way restricting the administrative authority of a Presiding Judge to assign, re-assign, transfer or not assign cases to particular judicial personnel when such authority is exercised for a proper administrative purpose.

Respondent seems to equate his order with the rule and statutory provisions relating to disqualification of judges. Respondent argues there can be no question that he could have acted as he did on an individual case by case basis had he so chosen; and clearly, so goes respondent's argument, for the speedy and efficient administration of justice and for the overall supervision of the judicial personnel, it was warranted for him to issue in effect a blanket order in accordance with substantive rules of administration.

█ Assuming arguendo, that the order in the case at bar could be equated with an order of disqualification or transfer of a case because of disqualification, Rule 9 of the Rules on Administration of the Courts [20 O.S.1971, Ch. 1, App. 2, Rule 9], specifi-cally provides for a procedure to implement such action. Respondent's order in no way attempts to comply or come within the purview of the rule and statutory procedures for disqualification.

We are not here concerned with a judge who is unable or unwilling to perform his judicial duties. Our only concern here is with a judge whose private conduct was alleged to be such that his presiding judge concluded it was in the best interest of the law and the administration of justice that he not exercise his judicial functions until certain pending criminal charges had been resolved. However sound may be the beliefs and philosophies of respondent, our statutes and Constitution provide a vehicle for "suspension of a judge", under proper circumstances, for his conduct on and off the bench.

We do not here consider whether petitioner's alleged conduct constitutes grounds for disciplinary proceedings in any forum because that issue is not before us. The only issue presented is respondent's authority to issue the order challenged in these proceedings and we hold respondent did not have such authority.

█ For the foregoing reasons, a Writ of Prohibition shall issue restraining respondent from enforcing his order to the extent it relieves petitioner of "any and all judicial assignments" in the 7th Judicial District and reassigns to other judges "all cases, hearings, motions and all other judicial matters which are set before Judge Graham". However, in as much as petitioner has requested relief in futuro requiring respondent to continue to make normal and regular case assignments to petitioner, we deny the requested relief fully confident respondent will comply with the letter and spirit of this decision.

APPLICATION TO ASSUME ORIGINAL JURISDICTION GRANTED; PETITION FOR WRIT OF PROHIBITION and/or MANDAMUS GRANTED IN PART, and WITHHELD IN PART AS HEREIN EXPLAINED.

LAVENDER, C. J., SIMMS, J., and CORNISH, NEPTUNE, REYNOLDS, ROMANG and WALL, Special Justices, concur.

The Honorable RALPH B. HODGES, Chief Justice; BEN T. WILLIAMS, Justice; WILLIAM A. BERRY, Justice; DON J. BARNES, Justice; JOHN B. DOOLIN, Justice; having certified their disqualification in the above cause, TOM R. CORNISH, Judge of the Court of Criminal Appeals; ROBERT H. NEPTUNE, Presiding Judge of Court of Appeals, Div. 2; LESTER A. REYNOLDS, Judge of Court of Appeals, Div. 1; RICHARD E. ROMANG, Judge of Court of Appeals, Div. 1; RAY L. WALL, Judge of the District Court, were appointed as Special Justices to serve in their stead.