Dear Chairman Halley,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. Is it the responsibility of the Oklahoma JudicialNominating Commission or the Governor of the State of Oklahoma todeclare a vacancy in the office of district judge as provided in51 O.S. 2001, § 10[51-10]?
2. Does a vacancy occur so that the Judicial NominatingCommission must choose and submit nominees to the Governor when ajudgment of the Court on the Judiciary of the State of Oklahoma,Trial Division, removing a district judge from office is entered,but an appeal of that judgment is still pending, absent thegranting of a stay?
 Introduction
¶ 1 Your questions relate to removal proceedings in the Court on the Judiciary when the Trial Division of that Court has entered a judgment removing a district judge from office and the removed judge has appealed to the Appellate Division of the Court on the Judiciary, but no order staying the enforcement of the judgment has been entered. This Opinion, addressing the authority to declare and fill vacancies, is limited to vacancies created by removal judgments of the Court on the Judiciary.
 Governor's Authority To Declare A Vacancy In The Office Of District Judge
¶ 2 The office of district judge is an elective office and vacancies in terms of such office are filled in the manner provided by law. See Okla. Const. art. VII, §§ 8, 9; Okla. Const. art. VII-B, § 4. Pursuant to Section 8 of Title 51 of the Oklahoma Statutes a vacancy in every office is created when, among other events, the official is removed from office prior to the expiration of his or her term:
 Every office shall become vacant on the happening of any one of the following events before the expiration of the term of such office:
. . . .
 Second. His removal from office or failure to qualify as required by law.
Id. (emphasis added). This section also provides that "[t]he fact by reason whereof the vacancy arises shall be determined bythe authority authorized to fill such vacancy." Id. (emphasis added). In other words, the one who has the authority to fill the vacancy has the authority to declare the vacancy.
¶ 3 The Governor has sole authority to fill vacancies in the office of district judge:
 All vacancies in state offices, except in offices of the members of the Legislature, members of the House of Representatives from Oklahoma in the Congress of the United States of America and members of the Senate of the United States of America, shall be filled by appointment by the Governor.
Id. § 10(A). The Oklahoma Constitution also provides that "[w]hen any office shall become vacant, [the Governor] shall, unless otherwise provided by law, appoint a person to fill such vacancy, who shall continue in office until a successor shall have been duly elected or appointed, and qualified according to law." Okla. Const. art. VI, § 13. Accordingly, the Governor, as the appointing authority, has sole authority to declare the vacancy in the office of district judge.
¶ 4 The Legislature further provides that the Governor shall, in filling a vacancy, "utilize the services of the Judicial Nominating Commission in the manner as provided for in the filling of judicial offices under Section 4, Article 7B of the Oklahoma Constitution." 51 O.S. 2001, § 10[51-10] (A) (emphasis added). The provisions of Article VII-B of the Oklahoma Constitution apply to the selection and tenure of all Justices of the Supreme Court and Judges of the Court of Criminal Appeals. Okla. Const. art. VII-B, § 1(a). The procedures for filling vacancies in such judicial offices as provided in Section 4 are made applicable to vacancies in the office of district judge only by legislative enactment. See 51 O.S. 2001, § 10[51-10](A). While the Judicial Nominating Commission is a constitutional body established by Section 3 of Article VII-B of the Oklahoma Constitution, pursuant to Section 4 of the Constitution the Commission is empowered only to "submit" names to the Governor, but has no authority with respect to filling or declaring vacancies in the office of district judge:
 When a vacancy in any Judicial Office, however arising, occurs or is certain to occur, the Judicial Nominating Commission shall choose and submit to the Governor and the Chief Justice of the Supreme Court three (3) nominees, each of whom has previously notified the Commission in writing that he will serve as a Judicial Officer if appointed. The Governor shall appoint one (1) of the nominees to fill the vacancy, but if he fails to do so within sixty (60) days the Chief Justice of the Supreme Court shall appoint one (1) of the nominees, the appointment to be certified by the Secretary of State.
Okla. Const. art. VII-B, § 4. Therefore, the Governor, using the services of the Judicial Nominating Commission, remains the authority which determines and declares whether a vacancy exists.51 O.S. 2001, § 10[51-10] (A).
¶ 5 The Oklahoma Supreme Court addressed the issue of how a vacancy in any office is declared by the Governor in Nesbitt v.Apple, 891 P.2d 1235 (Okla. 1995):
 In order to implement the appointive authority given to the Governor (and others that have such authority by virtue of constitutional or statutory provision), the Legislature has set up an orderly procedure for filling a vacancy. Part of the procedure is a requirement that the Governor or other appointing authority make a substantive and real factual determination concerning the reason by which a vacancy has occurred. 51 O.S. 1991, § 8[51-8]. When the reason by which a vacancy is alleged to have occurred is disputed, it is our opinion that prior to making such a determination on an issue such as the failure to file question involved here there is a requirement that some type of minimal due process be afforded to the office holder.
Id. at 1241. Therefore, because the Governor is the appointing authority with respect to filling vacancies in the office of district judge, it is incumbent upon him, not the Judicial Nominating Commission, to make a real and substantial determination of the facts giving rise to the vacancy.[1]
 A Vacancy Exists When A Judgment Of Removal Is Entered, Even When The Judgment Is Being Appealed, Unless An Order Staying The Effect Of The Judgment Has Been Entered.
¶ 6 Section 1 of Article VII-A of the Oklahoma Constitution provides for the removal from office of judges of any court by proceedings in the Court on the Judiciary:
 (a) In addition to other methods and causes prescribed by the Constitution and laws, the judges of any court, exercising judicial power under the provisions of Article VII, or under any other provision, of the Constitution of Oklahoma, shall be subject to removal from office, or to compulsory retirement from office, for causes herein specified, by proceedings in the Court on the Judiciary.
Id.[2] The Court on the Judiciary is composed of the Trial Division and the Appellate Division. Okla. Const. art. VII-A, § 2(a). Each Division of the Court is empowered to make rules governing procedure. Okla. Const. art. VII-A, § 3(a). After a full hearing in the Trial Division, the Trial Division renders such judgment as the facts may justify. Okla. Const. art. VII-A, § 4(d). Either party to a judgment of the Trial Division may appeal to the Appellate Division by filing a notice of appeal with the Clerk of the Supreme Court within ten days after entry of judgment. Okla. Const. art. VII-A, § 5(a).[3]
¶ 7 Neither Article VII-A of the Oklahoma Constitution, nor the rules of the Trial Division or Appellate Division, address how a judgment of removal of the Trial Division is stayed when an appeal is taken. See Okla. Const. art. VII-A, §§ 1-17; 5 O.S. 2001, ch. 1, app. 7. However, both the Rules of the Court on the Judiciary and the Oklahoma Constitution provide that the Oklahoma Code of Civil Procedure, the common law of Oklahoma, or the Rules of the Supreme Court of Oklahoma, apply to District Courts of Oklahoma concerning all procedural matters not covered by the Rules of the Trial Division or the Oklahoma Constitution. Id.
R. 21; Okla. Const. art. VII-A, § 4(c). Accordingly, it is appropriate to resort to such authority to determine whether a removal judgment of the Trial Division of the Court on the Judiciary is effective, resulting in a vacancy, even though an appeal of such judgment is pending. See Sharpe v. State ex rel.Okla. Bar Ass'n, 448 P.2d 301, 305 (Okla. Jud. App. Div. 1968).
¶ 8 The Code of Civil Procedure defines judgment as "the final determination of the rights of the parties in an action." 12O.S. 2001, § 681[12-681]. If a court decides all the issues joined by the pleadings and nothing remains to be done but to execute it, a court has entered a judgment. See Wells v. Shriver,197 P. 460, 479 (Okla. 1921). When a judgment is entered it may or may not be effective when an appeal is taken.
¶ 9 The Oklahoma Supreme Court in Wilks v. Wilks,632 P.2d 759 (Okla. 1981) addressed the finality and effect of judgments within the context of appeals as follows:
 While the appeal is undecided, a judgment obviously lacks the attributes of finality, although it may be clothed with effect if it can be enforced while uncertainty continues to exist about the ultimate outcome of litigation. Our statutory regime firmly rejects the common-law rule which grants ex lege an automatic stay for as long as proceedings-in-error are pending. As a general rule in Oklahoma, although finality always is, the effectiveness of a judgment need not be, and most often is not, postponed by an appeal. Absent a clearly-expressed legislative command to the contrary, civil judgments are subject to immediate rather than postponed, enforcement while there is a pending appeal. In short, a non-final judgment can be, and most often is, at once effective.
Id. at 761-62 (footnote omitted).[4] If, as authorized by the Oklahoma Constitution and the Rules of the Court on the Judiciary, the statutory provisions for stays provided in the Code of Civil Procedure for civil judgments are applied to judgments of the Trial Division of the Court on the Judiciary, the judgment could be stayed. See 12 O.S. 2001, § 990.4[12-990.4] (A), (D). Absent the granting of a stay, the judgment of the Trial Division is immediately effective, there being no clearly-expressed legislative command to the contrary. SeeWilks, 632 P.2d at 762. Where the judgment is effective a removal has occurred, creating a vacancy in the office of district judge. See 51 O.S. 2001, § 8[51-8]. The vacancy having been created, the Governor is empowered to fill the vacancy. Seeid. § 10.[5]
 It is, therefore, the official Opinion of the Attorney Generalthat:
 1. Pursuant to 51 O.S. 2001, § 8[51-8], it is the responsibility ofthe Governor of the State of Oklahoma to declare a vacancy in theoffice of district judge upon removal, thereby necessitatingaction by the Judicial Nominating Commission as provided in 51O.S. 2001, § 10 and Article VII-B, § 4 of the OklahomaConstitution.
 2. A vacancy occurs so that the Judicial Nominating Commissionmust choose and submit nominees to the Governor when a judgmentof the Court on the Judiciary, Trial Division, removing adistrict judge from office is entered, but an appeal of thatjudgment is pending, absent the granting of a stay.
W.A. DREW EDMONDSON Attorney General of Oklahoma
DOROTHY BROWN Assistant Attorney General
[1] The Oklahoma Supreme Court in Callender v. DistrictCourt, 625 P.2d 627, 629 (Okla. 1981), held that a declaration of a vacancy by the appointing authority as provided in Section 8 is not required to initiate a quo warranto action to try title to a public office when there has been a formal adjudication which creates ipso facto a vacancy or a forfeiture of office by operation of law. Nevertheless, a factual finding by the appointing authority is still required, prior to implementing procedures to fill vacancies, for all the reasons listed in Section 8 of Title 51 including those based upon formal adjudications. Bowen v. Brock, 244 P.2d 546, 549-50 (Okla. 1952).
[2] The Oklahoma Constitution specifically provides that "the judges of any court" may be removed from office by such "other methods and causes prescribed by the Constitution and laws." Okla. Const. art. VII-A, § 1(a). The other methods prescribed by law are "removal" as provided by 22 O.S. 2001, §§ 1181-1197[22-1181-1197] and "ouster" as provided by 51 O.S. 2001, §§ 91-105. Graham v.Cannon, 574 P.2d 305, 308 (Okla. 1978).
[3] "The review in the Appellate Division [is] an equity appeal, as to both law and fact[s]." Okla. Const. art. VII-A, § 5(c). "The Appellate Division may affirm, modify or reverse the judgment of the Trial Division, or enter a new judgment, as justice may require." Id. The Appellate Division may hear additional evidence under certain circumstances if justice requires. Okla. Const. art. VII-A, § 5(d). "A decision of a [T]rial [Division] will not be disturbed unless errors of law occurred or the judgment is clearly contrary to the evidence and without any reasonable foundation." State ex rel. Simms v.McCallister, 721 P.2d 427, 429 (Okla. Jud. App. Div. 1986).
[4] This case addressed the application of stays provided in12 O.S. 1971, §§ 968[12-968] and 974, the provisions of which were repealed. See 1990 Okla. Sess. Laws ch. 251, § 20; see also12 O.S. 2001, § 990.4[12-990.4] (providing for stays of judgments, decrees or final orders under specific circumstances).
[5] The requestor does not ask and we need not and do not address what may happen if the Governor proceeds with an appointment to fill a vacancy created by a removal judgment of the Trial Division which is reversed by the Appellate Division of the Court on the Judiciary, because it is our Opinion that an unstayed judgment is immediately effective, notwithstanding ensuing conflicts.